José Ramón Deynes, etc., Plaintiff and Appellee, *v.* Texaco (Puerto Rico), Inc., et al., Defendants and Appellants.

No. R-62-281 and R-62-282.     Decided April 5, 1965.

*Santiago C. Soler Favale* and *Miguel A. Giménez Muñoz* for Enrique Sánchez Recio. *Rivera Zayas, Rivera Cestero & Rúa,* and *Francisco Collazo Lizardi* for Texaco (Puerto Rico), Inc. *Gustavo A. Rodríguez* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Plaintiff arrived at about four thirty p.m. at a gasoline service station located in Guayama, Puerto Rico, and while the gas tank of his car was being filled, he went to the office of said establishment and asked for the key to the rest room. Plaintiff seemed to be in a great hurry; he asked to be given the key rapidly, and when he had it he went quickly out of the office, turned to the left and walked parallel to the front of the building; when he reached the corner, he again turned left and continued along an alley or concrete sidewalk which is parallel to the side of the building and leads to the rest room.

It was raining. This alley or sidewalk is outside the building, therefore the pavement was wet. As it was daytime, it was completely clear. On the ground, seven or ten feet from the corner passed by plaintiff, there was an automobile battery that was being charged. Plaintiff did not see the battery, he stumbled against it and fell down fracturing the right humerus. He was hospitalized for four days. The arm was in a plaster cast for some time and he had to submit to physiotherapeutical treatment. The medical certificate states that he lost forty percent of the capacity of movement of the right shoulder. He can drive a car and can make the ordinary motions of the arm but he cannot raise the arm as high as he normally would. Medical expenses amount to $491.

The defendants are the lessor of the building, Texaco (P.R.) Inc., where the filling station is located, and the lessee, Enrique Sánchez Recio, who operates the gasoline station. The lessee has a contract with the lessor, which also supplies the gasoline and other products sold at said station, but it is not necessary in this case to enter into the details of said contract.

The Superior Court granted the complaint and rendered judgment amounting to $12,991 and which consists of the following pronouncements: it ordered defendants, Texaco (P.R.) Inc., and Enrique Sánchez Recio, to pay solidarily to plaintiff $8,500 for damages; $491 for medical expenses and hospitalization; $3,000 for the suffering sustained by plaintiff's wife, and $1,000 for attorney's fees.

Both defendants requested review. Defendant Sánchez Recio assigns four errors. In the first error he alleges that the trial court erred in its judgment because the evidence was not sufficient to establish that the accident was caused by his negligence. In the second error he assigns that the court did not set forth in the statement of facts a series of proved and uncontroverted facts which impute contributory negligence to plaintiff. In the third error he states that the amount of compensation for damages is excessive and that it does not lie in the case of plaintiff's wife. In the fourth error he argues that the award of attorney's fees is inappropriate.

Codefendant Texaco (P.R.) Inc., also assigns four errors. In the first it alleges that the trial court committed error in determining that the sole and proximate cause of the accident was defendant's negligence. Under the second error it argues that the trial court committed error in determining that the lessor was negligent, without evidence to that effect. In the third assignment codefendant contends that the contract existing between the lessor and lessee, relieves the lessor of liability. In the fourth error it assigns that the sums granted for compensation are excessive and that the award of attorney's fees is inappropriate.

We have examined the judgment of the Superior Court, the transcript of evidence, the documentary evidence, and the respective briefs. We reach the following conclusions: There was contributory negligence on the part of the lessee, owner of the business, as well as on the part of plaintiff.

The lessee should keep the alley leading to the rest room free of obstacles, since clients must use it when going to said rest room. Plaintiff, in turn, was negligent because being an adult in the use of all his faculties, he should walk carefully and should look where he walks, particularly if the alley is wet. It was daytime; the alley or sidewalk was completely clear; an automobile battery is a relatively large object, of a dark color, easily seen on a light-colored floor, such as concrete floors, and an adult who walks carefully does not run into said object.

■ The part of the judgment which awards $3,000 for plaintiff's wife does not lie totally. When the accident occurred plaintiff's wife was at her home in Guayama. Plaintiff was taken to Hospital de Damas in Ponce. His wife did not go to see him that day but the next day. She stated that she did not go to see him the first day because she was nervous; she stated that during her husband's convalescence she had to bathe him, dress him, put his shoes on and his underwear, which caused her much trouble, particularly the pajamas. We do not believe that plaintiff's wife should receive $3,000 for fulfilling an elemental duty of a wife. The first section of the Civil Code, chapter entitled "Rights and Duties Between Married Persons," provides that the husband and wife owe to each other mutual assistance. Section 88; 31 L.P.R.A. § 281. However, we believe that for the moral suffering she should be granted $1,000.

■ We also conclude that the lessor is not liable. The part of the building involved in this case does not have any device or fixture to make it dangerous per se. As well put by the lessor, if nobody (1) had placed the battery in the alley, and if nobody (2) had walked thereabout carelessly or imprudently, the accident would have never occurred. We believe that 66% of the negligence was contributed by plaintiff, and 34% by defendant-lessee.

We assess the damages suffered by plaintiff at $5,000; we shall not modify the sum of $491 for medical expenses and hospitalization; we shall fix $500 for attorney's fees to be paid by plaintiff and we shall reduce to $1,000 the item granted to plaintiff's wife. In accordance with the foregoing, we therefore conclude that the judgment rendered in this case by the Superior Court should be modified as follows: The complaint as to Texaco (P.R.) Inc., will be dismissed; the complaint as to the defendant, Enrique Sánchez Recio, will be granted, and the latter will be ordered to pay the conjugal partnership, plaintiff in this case, after deducting from the preceding sums the amount corresponding to plaintiff's contributory negligence (66%), the amount of $2,376.94 which includes the proportional part of medical expenses and hospitalization, attorney's fees, and the amounts granted for damages to husband and wife, which sum represents the proportion that defendant Sánchez Recio must pay. As modified, it will be affirmed.